# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES**, <br><br> v. <br><br> **CHRISTIAN DANIEL**, <br><br> Defendant. | Case No. 1:17-cr-233-5 (TNM) |

## MEMORANDUM ORDER

Christian Daniel is serving a 120-month prison sentence for conspiracy to distribute heroin. He seeks compassionate release under 18 U.S.C. § 3582(c), claiming he was erroneously sentenced as a career offender under § 4B1.1(a) of the U.S. Sentencing Guidelines. He also points to the added harshness of prison conditions due to COVID-19 lockdowns. Considering Daniel's filings, the relevant law, and the entire record of the case, the motion is denied.

## I.

The Court briefly recounts the factual background of this case, which has been detailed elsewhere. *See United States v. Daniel*, No. 17-cr-00233, 2020 WL 6060311 (D.D.C. Oct. 14, 2020).

A grand jury returned a one-count superseding indictment against Daniel, charging him with conspiracy to distribute and possess with intent to distribute cocaine base, phencyclidine, methamphetamine, and heroin. *See* Indictment 1, ECF No. 61.[1] Daniel eventually pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture containing a detectable amount of heroin. *See* Plea Agreement 1, ECF No. 70; Judgment, ECF No. 99. At the sentencing hearing, the Court "determined that Daniel was a

---

[1] All page citations refer to the pagination generated by the Court's CM/ECF system.

career offender, producing an advisory guideline range of 188 to 235 months in prison." *Daniel*, 2020 WL 6060311, at *1. The Court ultimately sentenced him to 120 months in prison and five years of supervised release. *Id.*; Judgment 2–3.

Since then, Daniel has sought several forms of post-conviction relief. He moved to vacate his sentence under 28 U.S.C. § 2255, arguing BOP had unlawfully eliminated some of his good-time credits and that his counsel was ineffective in failing to seek a concurrent (as opposed to consecutive) sentence. *See* Def.'s Mot. to Vacate, ECF No. 113. The Court denied that motion. *See* Order Denying Mot. to Vacate, ECF No. 123. Daniel later moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), arguing his medical conditions made him particularly susceptible to COVID-19 and that pandemic conditions had worsened at FCI Hazelton. *See* Emer. Mot., ECF No. 133. The Court denied that motion, too. *See United States v. Daniel*, No. 17-cr-00233, 2021 WL 5416629, at *1 (D.D.C. Nov. 18, 2021).

Daniel again seeks compassionate release. He argues the Court erred in classifying him as a "career offender" when applying the U.S. Sentencing Guidelines. *See* Mot. to Reduce Sent. 6, ECF No. 143. He also says that measures taken by FCI Hazelton to prevent the spread of COVID-19 have greatly increased the hardship of serving time. *Id.* at 21. The Government opposes his motion. *See* Response, ECF No. 152. In a follow-up letter, he adds that his mother has fallen seriously ill. Supp. Letter 1, ECF No. 155. The motion is now ripe for resolution.

## II.

A prisoner seeking compassionate release "has the burden of establishing that he is eligible for a sentence reduction under § 3582(c)(1)(A)(i)." *United States v. Holroyd*, 464 F. Supp. 3d 14, 17 (D.D.C. 2020). Sentence reduction is appropriate only if the movant has first

exhausted available administrative remedies.  18 U.S.C. § 3582(c)(1)(A).[2]  If the movant

properly exhausts his administrative remedies, a court may reduce a term of imprisonment if,

"after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are

applicable, . . . it finds that . . . extraordinary and compelling reasons warrant such a reduction."

*United States v. Jackson*, 2021 WL 1299439, at *1 (D.D.C. Apr. 7, 2021) (quoting 18 U.S.C.

§ 3582(c)(1)(A)(i)).  Among those factors are "the nature and circumstances of the offense and

the history and characteristics of the defendant," as well as the need "to protect the public from

further crimes." 18 U.S.C. § 3553(a)(1)–(2).  Thus, "courts . . . consider the anticipated effect of

compassionate release on crime and public safety for defendant-filed motions as part of their

weighing of relevant considerations."  *United States v. Long*, 997 F.3d 342, 356 (D.C. Cir. 2021).

### III.

The only questions for the Court are whether Daniel has shown extraordinary and

compelling reasons warranting a sentence reduction, and whether such a reduction follows the

factors set forth in § 3553(a).  The motion fails on both counts.

### A.

Daniel argues that a "misapplication of the career offender provision" at his sentencing

constitutes an "extraordinary and compelling" reason to reduce his sentence.  *See* Mot. to Reduce

Sentence 21.  The Court designated Daniel a career offender under § 4B1.1(a) of the Guidelines,

determining that Daniel's instant crime of conspiracy to distribute heroin was a "controlled

---

[2]  A prisoner exhausts his administrative remedies if he asks the warden of his correctional facility to file a motion for compassionate release on his behalf and the warden either declines or fails to answer within 30 days.  *See* 18 U.S.C. § 3582(c)(1)(A).  Daniel sent a letter to FCI Hazelton asking the warden to file a § 3582(c)(1)(A) motion challenging his career-offender designation.  See Mot. to Reduce Sentence 2–4.  As the Government concedes, that was enough to exhaust his claim for purposes of § 3582(c)(1)(A).  *See* Response 10 ("[T]he Government agrees that he has exhausted administrative remedies.").

substance offense" under the definition provided in 18 U.S.C. § 4B1.2(b).  The year before, the

D.C. Circuit held that inchoate drug offenses (like conspiracy) are not controlled-substance

offenses under § 4B1.1(a).  *See United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018).

But because of "a serious omission by defense counsel," Daniel's career-offender designation

went unchallenged at sentencing.  Mot. to Reduce Sentence 6.  Daniel argues that this error, the

harshness of prison COVID-19 lockdowns, and his desire to take care of his sick mother, warrant

a sentence reduction under § 3582(c)(1)(A).

Although courts have a sizable degree of discretion under § 3582(c)(1)(A), a motion for

compassionate release is not the proper vehicle to litigate Daniel's *Winstead* claim.  The

"exclusive remedy" for a federal prisoner seeking to challenge the legality of his sentence is a

motion under 28 U.S.C. § 2255(a).  *United States v. Knowles*, 2021 WL 411133, at *2 (D.D.C.

Feb. 5, 2021); *accord Fouche v. Mukasey*, 296 Fed. App'x 74 (D.C. Cir. 2008) (noting that a

"collateral attack on [a] conviction and sentence, [] must be pursued by motion pursuant to 28

U.S.C. § 2255 in the sentencing court").  When a § 2255(a) motion is "inadequate or ineffective

to test the legality" of a prisoner's conviction or sentence, he may petition for a writ of habeas

corpus under 28 U.S.C. § 2241.  28 U.S.C. § 2255(e); *In re Smith*, 285 F.3d 6, 8 (D.C. Cir.

2002).  Section 3582(c)(1)(A)(i) does not replace this carefully delineated statutory scheme.  *See*

*United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022) ("If the sentencing court mistakenly

classified Crandall as a career offender, then Crandall's recourse was to pursue a direct appeal or

a motion for post-conviction relief under 28 U.S.C. § 2255."); *United States v. Arojojoye*, 806 F.

App'x 475, 478 (7th Cir. 2020).

Holding otherwise would grant Daniel a significant procedural windfall.  Recall that he

already challenged the validity of his sentence under § 2255(a).  *See* Def.'s Mot. to Vacate, ECF

No. 113.  To do so again, Daniel would have to satisfy AEDPA's strict limitations on second-or-successive § 2255(a) motions.  A court would have to certify that his motion relies on either (1) newly discovered facts showing "by clear and convincing evidence" that no reasonable factfinder would convict him; *or* (2) a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h)(1), (2).  No one seriously argues either limitation is satisfied here; this motion does not turn on newly discovered evidence and there is no sense in which the *Winstead* claim was "previously unavailable."  Allowing Daniel to proceed under § 3582(c)(1)(A)(i) would thus permit him to seek the same substantive relief available under § 2255(a) without satisfying any of § 2255(h)'s procedural limitations.  That would be an untenable result—if Congress wanted to repeal AEDPA it would have done so in much clearer language.

The alleged impropriety of Daniel's sentence is not an "extraordinary and compelling" circumstance warranting a sentence reduction under § 3582(c)(1)(A)(i).[3]

---

[3]  As much as Daniel argues the threat of COVID-19 or FCI Hazelton's response to the pandemic are "extraordinary and compelling" circumstances justifying release, that claim fails too.  For one, it appears Daniel did not adequately exhaust this claim, as he ignored COVID-19 in his letter to the warden.  *See* Mot. to Reduce Sentence 2–4, ECF No. 143.  More, Daniel fails to allege facts particular to his own situation showing that COVID-19 lockdowns at FCI Hazelton have substantially increased the hardship of his sentence.  *See* Mot. for Sentence Reduction 21–23 (referencing COVID-19's "toll on inmates" in general).  And even if he had, this would not merit a sentence reduction.  Although the Court sympathizes with prisoners experiencing lockdowns, "COVID-19 restrictions have affected everyone in society, not just prisoners." *Daniel*, 2021 WL 5416629, at *3.  Absent a critical health risk, the need for a criminal sentence to "reflect the seriousness of the offense" and "protect the public from further crimes" outweighs the burdens imposed on Daniel by COVID-19 safety precautions.  18 U.S.C. § 3553(a)(2)(A), (C). For similar reasons, his mother's illness is not an "extraordinary and compelling" circumstance either.  While his wish to help is laudable, it is not unusual.  Missing important family obligations is a painful, yet all but inevitable, part of incarceration.

5

**B.**

Even if Daniel had shown an extraordinary and compelling circumstance, the § 3553(a) factors, on balance, counsel against granting him a sentence reduction.

Daniel says the fact that his sentence is longer than the upper limit of the applicable sentencing range is proof that his sentence is "greater than necessary[] to comply" with the factors listed in § 3553(a).  *See* Mot. to Reduce Sent. 18–21 (quoting 18 U.S.C. § 3553(a)).  But the ranges set by the Sentencing Commission are not mandatory, and criminal sentences that exceed those ranges are not necessarily improper.  *See United States v. Booker*, 543 U.S. 220, 245 (2005).  Rather, courts "tailor" prison sentences considering the § 3553(a) factors, and sometimes that tailoring requires a sentence longer than the recommended Guidelines range.

When the Court denied Daniel's first motion for compassionate release, it noted that Daniel's substantial role in the drug conspiracy and his access to a firearm "weigh[] heavily against a sentence reduction" because of the need for a sentence to "protect the public from further crimes of the defendant."  *Daniel*, 2021 WL 5416629, at *3 (citing 18 U.S.C. § 3553(a)(2)(C)).  Daniel's "history of criminal behavior and repeated recidivism" also counsels against a reduction.  *Id.* at *3.  No matter if Daniel is a "career offender" under the Guidelines, his extensive criminal history could have supported an upward variance from the non-career offender range.  *See* 18 U.S.C. § 3553(a)(1) (requiring courts to fashion a sentence based on the "history and characteristics" of the defendant); *United States v. Brevard*, 18 F.4th 722, 728 (D.C. Cir. 2021) (upholding lower court's decision to vary upward due in part to the defendant's extensive record of recidivism).

The Court has considered and appreciates Daniel's personal assurances of rehabilitation and regret for his past behavior and its ongoing consequences.  While these sentiments augur

well for his post-incarceration lifestyle, considering the other factors described above, they do not justify the relief that he seeks.

Given all this, Daniel has not showed that a reduction in his sentence would accord with the factors in § 3553(a).  For that reason alone, his motion must be denied.

## IV.

For these reasons, it is hereby ORDERED that Defendant's Motion for Compassionate Release is DENIED.

**SO ORDERED**.

This is a final, appealable Order.


Dated:  September 29, 2022                    _____
                                                            TREVOR N. McFADDEN, U.S.D.J.