UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA**,

        Plaintiff,

        v.

**CHRISTIAN DANIEL,**

        Defendant.

Case No. 1:17-cr-00233-5 (TNM)

---

## **MEMORANDUM ORDER**

Christian Daniel is serving a 120-month prison sentence for conspiracy to sell heroin. Earlier this year, he sought compassionate release for a third time. He claimed sentencing errors and COVID-19 conditions in prison justified his early release. The Court denied his motion. So he now moves for reconsideration. But because he points to no errors, the Court denies this motion too.

**I.**

A few years ago, Daniel pled guilty to conspiracy to distribute heroin. *See* Plea Agreement at 1, ECF No. 70. And the Court sentenced him to 120 months in prison. *United States v. Daniel*, No. 17-cr-00233, 2020 WL 6060311, at *1 (D.D.C. Oct. 14, 2020).

Since then, Daniel has repeatedly challenged his sentence. He first sought to vacate it under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF No. 113. He then sought compassionate release twice. *See* Emer Mot., ECF No. 133 (COVID-19); Mot. to Reduce Sent. at 6, ECF No. 143 (COVID-19 and an alleged sentencing error). The Court denied all his motions. *Daniel*, 2020 WL 6060311 (denying motion to vacate); *United States v. Daniel*, No. 17-cr-00233, 2021 WL 5416629 (D.D.C. Nov. 18, 2021) (denying first compassionate release motion); *United*

*States v. Daniel*, No. 1:17-CR-233-5, 2022 WL 4547555 (D.D.C. Sept. 29, 2022) (denying second compassionate release motion).

Daniel now asks the Court to reconsider its most recent denial of compassionate release. Mot. Recons. at 1, ECF No. 157. He claims that the Court contradicted the Supreme Court's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), when it held that an alleged sentencing error was not an "extraordinary and compelling circumstance" that justified reducing his sentence. Mot. Recons. at 1–2. And he says that the Court disregarded some relevant 18 U.S.C. § 3553(a) factors. Mot. Recons. at 3 (citing *United States v. White*, 984 F.3d 76 (D.C. Cir. 2020)). The Court finds neither argument persuasive and thus will deny Daniel's motion.[1]

## II.

A court may reduce a prisoner's sentence if, after considering the § 3553(a) factors, "it finds that extraordinary and compelling reasons warrant such a reduction," and "that such a reduction is consistent with" the Sentencing Commission's "applicable policy statements." 18 U.S.C. § 3582(c)(1)(A) (cleaned up). The prisoner moving for reduction has the burden to show he is entitled to relief. *United States v. Holroyd*, 464 F. Supp. 3d 14, 17 (D.D.C.), *aff'd*, 825 Fed. Appx. 1 (D.C. Cir. 2020).

Because Daniel filed his motion more than 28 days after the Court entered judgment, the Court considers his motion under Rule 60(b). Fed. R. Civ. P. 60(b); *see Arabaitzis v. Unum Life Ins. Co. of Am.*, 351 F. Supp. 3d 11, 14 (D.D.C. 2018); *see also Cobell v. Jewell*, 802 F.3d 12, 25

---

[1] "The Government has not yet responded to [Daniel]'s motion for reconsideration, but the Court need not wait for a response because the appropriate disposition is clear from [Daniel]'s motion alone." *United States v. Jackson*, No. 19-CR-00347, 2020 WL 6445867, at *1 n.2 (D.D.C. Nov. 3, 2020).

2

(D.C. Cir. 2015) (Rule 54(b) governs interlocutory decisions, while Rules 59(e) and 60(b) govern final judgments). That rule "permits a party to seek relief from a final judgment . . . under a limited set of circumstances." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022) (cleaned up).

The Court will assess Daniel's motion under subsection (b)(1) because Daniel argues that the Court has made legal "mistake[s]." Fed. R. Civ. P. 60(b)(1); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (Rule 60(b)(6) challenge unavailable when motion is "premised on one of the grounds for relief . . . in clauses (b)(1) through (b)(5)"). So to win on his motion for reconsideration, Daniel must show that the Court erred. *See Kemp*, 142 S. Ct. at 1860.[2]

### III.

Daniel raises two points: First, he argues the Court's prior sentencing error justifies a sentence reduction. Second, he says the Court misweighed the § 3553(a) factors when considering his reduction. But the Court was correct that any sentencing error did not justify a reduction and it did not misweigh the § 3553(a) factors. So reconsideration is unnecessary.

Daniel's sentencing argument goes like this: Under *United States v. Winstead*, inchoate drug offenses cannot support a career-offender enhancement. 890 F.3d 1082, 1091 (D.C. Cir. 2018). So the Court erred at sentencing when it gave him a career-offender enhancement, even though he pled guilty to an inchoate drug offense. Mot. Recons. at 1–2. And he gestures to *Concepcion*, which held that "the First Step Act allows district courts to consider intervening changes in law or fact in exercising their discretion to reduce a sentence pursuant to the First

---

[2] Even were the Court to consider Daniel's motion under the lower "as justice requires" standard for Rule 54(b) motions, the Court would still conclude that Daniel's arguments do not warrant reconsideration. *See United States v. Jackson*, No. 19-CR-00347, 2020 WL 6445867, at *2 (D.D.C. Nov. 3, 2020) (noting that some courts apply the "as justice requires" standard).

3

Step Act." *Concepcion*, 142 S. Ct. at 2404.  So this Court erred by holding that a *Winstead* error at sentencing was not an extraordinary and compelling reason justifying compassionate release. Mot. Recons. at 2.

As further support, he cites a case from this district holding that sentencing errors revealed by nonretroactive legal changes "can form part of—and indeed, a substantial part of—a finding that extraordinary and compelling reasons warrant reducing a defendant's sentence." *United States v. Johnson*, __ F. Supp. 3d __, 2022 WL 2866722, at *16 (D.D.C. July 21, 2022).

But the D.C. Circuit recently resolved this issue.  Addressing a *Winstead* error, the Circuit held that "that legal errors at sentencing . . . cannot support a grant of compassionate release" because they are "neither extraordinary nor compelling." *United States v. Jenkins*, 50 F.4th 1185, 1200 (D.C. Cir. 2022).  It addressed *Concepcion* directly, noting that "*Concepcion* mentioned the compassionate-release statute only to support the proposition that Congress knows how to limit which considerations may be used to reduce a sentence." *Id.* (cleaned up).  The limit here is that Daniel's reasons must be extraordinary and compelling, and a sentencing error does not fit the bill. *Id.*  And the Circuit noted that even were that not the case, "[t]he habeas-channeling rule . . . independently forecloses using compassionate release to correct sentencing errors." *Id.* at 1202. The Circuit's decision binds this Court and confirms the Court's prior analysis.  So the Court's denial was proper.[3]

Next, consider his claim that the Court erred in evaluating the § 3553(a) factors.  In his view, the Court gave insufficient weight to his post-sentencing conduct, instead focusing on his

---

[3] Daniel also claims that refusing to reduce his sentence would create a sentence disparity with prisoners properly sentenced under *Winstead*.  *See* Mot. Recons. at 3.  Yet that is just another way of saying that there was an error in Daniel's sentence.  And the D.C. Circuit has said that is not enough. *Jenkins*, 50 F.4th at 1200.

4

offense and criminal history. Mot. Recons. at 3. He argues that the Court should have considered *United States v. White*, in which the Circuit reversed a district court that had disregarded prisoners' "extensive mitigation arguments." *White*, 984 F.3d at 92.

But Daniel made no "extensive mitigation arguments." Indeed, he barely referenced his post-conviction conduct in this motion, beyond noting that he accepted responsibility for his crime. *See* Mot. to Reduce Sent. at 5. Daniel argued his character and rehabilitation more extensively in his first motion for compassionate release, and so the Court carefully addressed those arguments in its denial of that motion. *See* Emer. Mot. at 44–50; *Daniel*, 2021 WL 5416629, at *3.

But because he made only a fleeting reference to those arguments in his second motion, the Court's brief response was appropriate. *See Daniel*, 2022 WL 4547555, at *4 ("The Court has considered and appreciates Daniel's personal assurances of rehabilitation and regret for his past behavior and its ongoing consequences. While these sentiments augur well for his post-incarceration lifestyle, considering the other factors described above, they do not justify the relief that he seeks."). Because the Court has considered Daniel's post-conviction conduct and explained its view to the extent that Daniel raised it, it did not err under *White*.

## IV.

Daniel has not offered the Court any persuasive reason to change its decision. For the reasons above, it is hereby

**ORDERED** that Daniel's [157] Motion for Reconsideration is DENIED.

**SO ORDERED**.

Dated: December 15, 2022                                              TREVOR N. McFADDEN, U.S.D.J.