UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**CHRISTIAN DANIEL**,<br><br>Defendant. | Case No. 1:17-cr-00233-5 (TNM) |

## MEMORANDUM ORDER

Christian Daniel is serving a ten-year sentence for a drug offense and seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). He asserts that a reduction is warranted because intervening legal changes mean he would no longer be a career offender if sentenced today. But he is wrong. Changes in the law cannot support a reduction in Daniel's sentence. And even if they could, he would still be a career offender. Daniel has shown no extraordinary and compelling reason for a sentence reduction, so the Court denies his motion.

### I.

The Court briefly recounts the factual background of this case, which it has previously detailed several times. In 2018, Daniel pleaded guilty to conspiracy to distribute heroin. *See* Plea Agreement, ECF No. 70; Judgment, ECF No. 99, at 1. The Court sentenced him to a 120-month prison sentence, which he is now serving. *See id.* at 2.

Since sentencing, Daniel has repeatedly sought to modify his sentence. First, he moved to vacate the sentence under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF No. 113. The Court denied his motion. *United States v. Daniel*, 2020 WL 6060311 (D.D.C. Oct. 14, 2020). Then, he sought sentence reductions, twice. *See* First Mot. to Reduce, ECF No. 133; Second Mot. to Reduce, ECF No. 143. The Court denied both motions. *United States v. Daniel*, 2021 WL

5416629 (D.D.C. Nov. 18, 2021); *United States v. Daniel*, 2022 WL 4547555 (D.D.C. Sept. 29, 2022) ("*Daniel III*"). He also unsuccessfully moved for reconsideration of the denial of his second motion. *See* Mot. Recons., ECF No. 157; *United States v. Daniel*, 2022 WL 17719570 (D.D.C. Dec. 15, 2022) ("*Daniel IV*").

Now Daniel again moves for a reduced sentence. *See* Third Mot. to Reduce, ECF No. 165. He asserts that changes in the law and amendments to the Sentencing Guidelines warrant a reduction. *See id.* at 1–4. Daniel also asks the Court to consider his prison conditions, rehabilitation efforts, and post-release plans. *See id.* at 5–12.

## II.

A defendant must meet a high bar to establish his eligibility for a sentence reduction. *See United States v. Holroyd*, 464 F. Supp. 3d 14, 17 (D.D.C.), *aff'd*, 825 Fed. Appx. 1 (D.C. Cir. 2020). After considering the 18 U.S.C. § 3553(a) factors, a court may reduce a sentence if it finds that: (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community"; and (3) "the reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13(a); *see also* 18 U.S.C. § 3582(c)(1)(A). Under the applicable policy statement, courts may consider any of the following in determining whether the defendant has shown extraordinary and compelling circumstances: (1) the defendant's medical circumstances, (2) the defendant's age, (3) the defendant's family circumstances, (4) whether the defendant is a victim of abuse in prison, (5) other reasons that are "similar in gravity," and (6) whether the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b).

### III.

The Court finds that Daniel has not shown an extraordinary and compelling reason to reduce his sentence. And even if he had, reducing Daniel's sentence would flout the § 3553(a) considerations.

### A.

The thrust of Daniel's argument is that if sentenced today he would receive a lesser sentence because he would not qualify as a career offender. *See* Third Mot. to Reduce at 2. His argument turns on *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018), where the D.C. Circuit "held that *attempted* drug offenses do not trigger the career offender guideline." *United States v. Jenkins*, 50 F.4th 1185, 1194 (D.C. Cir. 2022) (emphasis added). Because his conviction was for the inchoate crime of conspiracy to distribute heroin, he reasons he should not be labeled a career offender. *See* Third Mot. to Reduce at 3. But he is largely rehashing an argument in one of his prior motions that the Court has already rejected. *See* Mot. Recons. at 1. Daniel had asserted that his initial sentence was in error because, under *Winstead*, he should not have been designated a career offender. *See id.* In denying that motion, the Court detailed how *Jenkins* prohibits the Court from considering alleged sentencing errors as a justification for a sentence reduction. *See Daniel IV* at *2.

Daniel now tries to reframe his argument, claiming that he is not challenging his original classification as a career offender. *See* Third Mot. to Reduce at 2–3. Instead, he says that the intervening change in the career offender requirements brought about by *Winstead*—the exclusion of inchoate offenses—warrants a sentence reduction. *See id.* at 3–4. In other words, he asks the Court to reduce his sentence because he would not be a career offender if sentenced

3

today. *See id.* at 2–3. Daniel also contends that a 2023 amendment to the Sentencing Guidelines abrogated *Jenkins* and allows the Court to consider changes in law. *See id.* at 4.

But none of these arguments get him anywhere. Under the amended version of the Guidelines, a court may only consider intervening legal changes "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Daniel does not meet those criteria.

The amendment also forecloses Daniel's reliance on *United States v. Johnson*. 619 F. Supp. 3d 81 (D.D.C. 2022). There, a court did consider *Winstead*'s change in law when granting a sentence reduction. *See id.* at 91–92. But that case was decided before the 2023 amendment. Under the current Guidelines, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c). Thus, *Johnson* does not help Daniel and he cannot use the changes in law he identifies as a basis for a sentence reduction.

Daniel's arguments also fail for an even simpler reason: He still qualifies as a career offender under the amended Guidelines. When *Winstead* was decided, courts were relying on the commentary to § 4B1.2 to justify counting inchoate crimes as qualifying offenses. *See Winstead*, 890 F.3d at 1089. But the actual text of § 4B1.2 did not say that attempted offenses triggered the career offender provision. *See id.* So the commentary strayed from the plain text because it broadened what offenses counted toward career offender status. *Winstead* clarified that the commentary could not expand the definitions contained in the congressionally authorized text of the Sentencing Guidelines. *See id.* at 1091–92. As the D.C. Circuit explained, "[i]f the Commission wishe[d] to expand the definition of 'controlled substance offenses' to include

4

attempts, it [would have to] seek to amend the language of the guidelines by submitting the change for congressional review." *Id.* at 1092.

And that is precisely what happened. The 2023 amendment shifted the relevant portion of the commentary into the text of the Guidelines. *See* Sentencing Guidelines for U.S. Courts, 88 FR 28254-01, 28276 (May 3, 2023) ("The amendment addresses this circuit conflict by moving, without change, the commentary including certain inchoate and accessory offenses in the definitions of 'crime of violence' and 'controlled substance offense' to the text of the guideline."). The applicable guideline itself, not the commentary, now says that inchoate offenses count toward career offender status. U.S.S.G. § 4B1.2(d) ("'[C]ontrolled substance offense[s]' include . . . conspiring to commit any such offense."). Thus, if Daniel were sentenced today, he would be a career offender. Nothing about that presents an extraordinary and compelling circumstance warranting a sentence reduction under § 3582(c).

**B.**

Daniel also claims that his prison conditions, participation in rehabilitation programs, and post-release plans all support early release under the "other reasons" catchall. *See* Third Mot. to Reduce at 5–11; U.S.S.G. § 1B1.13(b)(5). The Court finds that Daniel's dissatisfaction with his prison conditions does not satisfy the high bar of demonstrating an extraordinary and compelling circumstance. After all, a prisoner's general unhappiness with prison conditions is far from being "most unusual" or "having little or no precedent." *Jenkins*, 50 F.4th at 1197 (cleaned up). And Daniel's gripes focus generally on things happening to other prisoners, not specifically to him. Daniel's rehabilitation efforts and post-release plans, while admirable, do not justify early release. *See* U.S.S.G. § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason.").

More, several of the § 3553 factors weigh against a sentence reduction. As the Court previously explained, the "nature and circumstances of" Daniel's offense, his "history and characteristics," and the need "to protect the public from further crimes" make his existing sentence appropriate. *See Daniel III*, 2022 WL 4547555, at *3.

In sum, Daniel has not shown extraordinary and compelling reasons that merit a reduction in his sentence. And even if he had, reducing his sentence would stray from the § 3553(a) factors.

### IV.

For the reasons, it is

**ORDERED** that Daniel's [165] Motion for a Reduction is DENIED.

**SO ORDERED.**

Dated: July 11, 2025                                                    TREVOR N. McFADDEN, U.S.D.J.